1  JAMES A. TABB, ESQ. (CSB NO. 208188)
   MCKENNA LONG & ALDRIDGE LLP
2  Suite 3300, Symphony Towers
   750 B Street
3  San Diego, CA 92101
   Telephone:    (619) 595-5400
4  Facsimile:    (619) 595-5450

5  Attorneys for Defendant
   DAWSON & OZANNE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC and DAWSON & OZANNE, as Trustee of Alvin Fischbach Irrevocable Trust,<br><br>　　　　　Defendant. | Case No. 08 CV 0569 BTM (BLM)<br><br>**WAIVER OF SERVICE OF SUMMONS BY DEFENDANT DAWSON & OZANNE**<br><br>Judge:   Hon. Barry T. Moskowitz |

/ / / / /

/ / / / /

/ / / / /

## WAIVER OF SERVICE OF SUMMONS

TO: JARROD D. SHAW, ESQ. (PLAINTIFF'S COUNSEL):

I, as counsel for Defendant Dawson & Ozanne, acknowledge receipt of your request to waive service of a summons in <u>AXA Equitable Life Ins. Co. v. H. Thomas Moran, et al.</u>, which is case number <u>08 CV 0569 BTM (BLM)</u> in the United States District Court for the Southern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or Defendant Dawson & Ozanne) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.[1]

Defendant Dawson & Ozanne will retain all defenses and objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that a default judgment may be entered against Defendant Dawson & Ozanne if an answer or motion under Rule 12 is not served upon you within 60 days after <u>March 27, 2008</u> (the date when Plaintiff's request was sent)

Dated: April 30, 2008

Respectfully submitted,

MCKENNA LONG & ALDRIDGE LLP

By: _____
James A. Tabb
Attorneys for Defendant
DAWSON & OZANNE

SD:22164863.1

---

[1] DUTY TO AVOID UNNECESSARY COSTS OF SERVICE SUMMONS. Rule 4 requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought. A defendant who waives service must within the time specified on the form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 1 of 1 -

08 CV 0569 BTM BLM